# EXHIBIT B

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

MARY ELLEN BARDEN      Macomb C/A: 2021-003603-CK
                                             Hon.: Julie Gatti

    Plaintiff,

v

THE GUARDIAN LIFE INSURANCE COMPANY
OF AMERICA,
a Foreign Insurance Company,

    Defendant.

_____/

EUGENE L. CASAZZA (P11703)
Attorney for Plaintiff
Two Crocker Blvd., Suite 301
Mt. Clemens, MI 48043
(586) 468-4400
_____/

### COMPLAINT

The Plaintiff, **MARY ELLEN BARDEN**, by her attorney, **EUGENE L. CASAZZA**, for her Complaint, states as follows:

### COMMON ALLEGATIONS

1. Plaintiff, MARY ELLEN BARDEN, is a resident of Oakland County, Michigan.

2. Defendant, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA conducts a regular and systematic part of its business in Macomb County, Michigan.

3. Venue is properly laid in this Court.

4. The amount of controversy exceeds $25,000.00, exclusive of costs, interest and attorney fees. Subject matter jurisdiction is vested in this Court.

### COUNT I

5. Plaintiff incorporates by reference paragraphs 1 through 4 as though repeated herein word for word.

6. That Plaintiff was a salaried employee of Tianhai Electric North America Inc., from June, 2018 to her termination on April 16, 2019.

7. As a salaried employee of Tianhai Electric North America Inc., Plaintiff was covered by a Group Long Term Disability policy of Insurance her employer maintained with Defendant, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, for which applicable premiums were paid.

8. On February 15, 2019, Plaintiff ceased working as a Accountant for Tianhai Electric North America Inc. due to multiple medical impairments including but not limited to obesity; herniated discs at L4 through S1; degenerative disc disease, spondylosis and central canal stenosis in the lumber spine. She has undergone and intensive and extensive physical therapy. These conditions preclude her continued employment of any kind.

9. Upon ceasing her employment on or about February 15, 2019, Plaintiff's Short Term Disability Benefits were paid until exhausted on or about May 24, 2019.

10. Prior to her Short Term Disability Benefits being exhausted, Plaintiff applied for Long Term Disability Benefits. Defendant paid Plaintiff's Long Term Disability Benefits in accordance with the terms and provisions of the Group Long Term Disability Insurance in effect at the time Plaintiff became totally and permanently disabled in February, 2019.

11. In February, 2021, Defendant ceased paying Plaintiff Long Term Disability Benefits.

12. Reasonable proof of Plaintiff's continuing permanent and long term disability has been supplied to Defendant and the claim for continuing benefits has been denied.

13. Defendant has unreasonably refused to continue paying Long Term Disability Benefits and continues to do so despite Plaintiff requesting reconsideration along with submitting additional proof of permanent disability. Further, Plaintiff has exhausted all Administrative remedies.

## COUNT II

14. Plaintiff incorporates by reference Paragraphs 1 through 13 as though repeated herein word for word.

15. An actual controversy exists between Plaintiff and Defendant.

16. The Court must determine the following:

    a. The applicability of Defendant's Group Long Term Disability Insurance policy to Plaintiff's claim;

    b. The amount of wage loss benefits and/or other benefits owed to Plaintiff;

c.  Whether, and in what amount, any reduction, setoffs, or reimbursements may be claimed by Defendant; and

d.  Other determinations, orders, and judgments necessary to fully adjudicate the rights of the parties.

**WHEREFORE**, Plaintiff requests a declaration of rights and an award of damages in an amount she is found to be entitled in excess of $25,000.00, plus interest, costs and attorney fees.

Respectfully submitted:

Dated: October 1, 2021

EUGENE L. CASAZZA (P11703)
Attorney for Plaintiff